UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUSTIN CORWIN,
an individual,

   Plaintiff,

v.

            Case No.
            Hon.:

CANDLEWYCK APARTMENTS, LLC., a
Corporation

   Defendant.
             /

William F. Piper (P38636)
William F. Piper, P.L.C.
*Attorney for Plaintiff*
1611 W. Centre Avenue, Suite 209
Portage, MI 49024
269-321-5008
wpiper@wpiperlaw.com

## COMPLAINT

  The plaintiff Dustin Corwin, by and through his attorney William F. Piper, PLC, for his complaint, states as follows:

## JUDICIAL ALLEGATIONS

1. The plaintiff Dustin Corwin is a white man with a record of a past disability of drug addiction and other disabilities who resided in the City of Kalamazoo, County of Kalamazoo, State of Michigan, at all times relevant to this complaint, and he currently resides there.

1

2. The defendant Candlewick Apartments LLC. is a corporation that did business in the City and County of Kalamazoo renting apartments units to individuals at all times relevant to this complaint.

3. The plaintiff is an aggrieved person as defined by 42 U.S.C. § 3607, because the defendant has denied, and has imposed restrictions on, his renting of an apartment unit from it based on his record of having a disability of drug addiction

4. This action is brought under the Fair Housing Act, which is Title VIII of the Civil Rights Act of 1978, as amended by the Fair Housing Act of 1988, 42 U.S.C. § 3601 et. seq.

5. This court has jurisdiction under 28 U.S.C. § a 1331, 28 U.S.C. § 1345, 42 U.S.C. § 3601, and 42 U.S.C. § 3613, and it has authority to grant declaratory and injunctive relief under Fed. R. CIV. P 57, 28 U.S.C. § 2201, and 28 U.S.C. § 2202.

6. Certain claims in this lawsuit are brought under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## **COMMON ALLEGATIONS**

7. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 6 of this complaint.

8. In the summer of 2021 the defendant had a policy of automatically rejecting applicants for tenancies who have felony convictions, which violated H.U.D. guidance, and which is not consistent with federal law, which requires an individualized assessment for persons with felony convictions, regarding their qualifications for a tenancy.

9. In July 2021, the plaintiff Mr. Corwin had two felony convictions for drug possession related offenses.

10.     In mid July 2021 Mr. Corwin twice discussed with a secretary or rental agent for the defendant his desire to rent an apartment unit from the defendant

11.     Mr. Corwin told the agent for the defendant about the nature of his two felony convictions, which were related to past drug abuse.

12.     The agent for the defendant told Mr. Corwin that the felony convictions would not disqualify him because they were the lowest level of severity.

13.     Mr. Corwin also discussed his lack of credit history with the defendant's agent, telling her that he had a cosigner with great credit history and no criminal record.

14.     The agent for the defendant told Mr. Corwin that a cosigner would be required only if needed later, and she told Mr. Corwin to wait on the application process regarding the co-signer until the defendant requested one.

15.     The agent for the defendant assured Mr. Corwin that his application would be accepted despite the details he had provided about his criminal record.

16.     Based on the assurances from the defendant's agent as set forth above, Mr. Corwin and his girlfriend each paid a $35.00 application fee to secure an apartment unit with the defendant.

17.     On July 28, 2021 the defendant rejected Mr. Corwin's application on the grounds that his "criminal history does not meet property requirements," and that he had no credit experience.

18.     On July 28, 2021 Mr. Corwin wrote to the defendant's management, indicating that he had drug addiction and mental health disabilities in the past, had rehabilitated, had completed a bachelor's degree and a master's degree in social work, had academic success, had a good job, and had good references. He asked for any accommodation to be given a fair chance to live in Candlewyck based on his present qualifications.

19.     Despite the above, the defendant did not give Mr. Corwin individualized consideration for an apartment unit, but instead gave him a denial based on its blanket no felony policy.

20.     After having reviewed no response from in his July 28, 2018 letter to the defendant, Mr. Corwin researched the defendant online.

21.     Mr. Corwin's research revealed that the only appeal he would have regarding the defendant's no felony policy was whether or not there was a mistake in the reporting of a felony. There was no appeal regarding the rejection of an individual for having a felony, or for the defendant not making an individualized assessment of Mr. Corwin's present qualifications for a tenancy.

22.     The automatic denial of Mr. Corwin for a tenancy because of his past felony drug related convictions discriminated against him because of his record of having a disability, because he has been rehabilitated.

23.     Mr. Corwin then filed a complaint of discrimination what the City of Kalamazoo.

24.     The City of Kalamazoo found a violation of its human rights ordinance regarding housing against the defendant, and it ordered the defendant to refund Mr. Corwin the $35.00 application fee.

25.     The defendant has not returned any applications fees of either Mr. Corwin or his girlfriend.

26.     The defendant, on August 14, 2022 accepted Mr. Corwin's application for a tenancy, but it was too insincere and too late, as Mr. Corwin had spent money looking for other housing and had accepted another housing.

27.     As a result of the conduct set forth above, Mr. Corwin was denied a housing opportunity, remained homeless for awhile, suffered a loss of money and financial resources, suffered an

exacerbation of post traumatic stress disorder symptoms, suffered emotional stress and a loss of enjoyment of life, and he still suffers those damages.

28. The defendant may still use a no felony policy to reject potential tenants, upon information and belief.

## COUNT I – VIOLATIONS OF THE FAIR HOUSING ACT

29. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 28 of this complaint.

30. The defendant discriminated against and retaliated against Mr. Corwin because of his record of having a disability of drug addiction, and it failed to accommodate him.

31. The conduct of the defendant set forth above violates 42 U.S.C. § 3604(a),(b) and (c), and 42 U.S.C. § 3604(f),(1),(2) and (3).

32. As a result of the discrimination, retaliation and refusal to accommodate set forth above, the plaintiff has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendant declaring the defendant's unlawful conduct unlawful; enjoining further discriminatory and retaliatory conduct; awarding the plaintiff compensation for the damages and injuries he has suffered and will continue to suffer in the future; awarding the plaintiff punitive damages, and awarding the plaintiff interest, costs, attorney's fees and any other relief this Court deems fair and just.

## COUNT II – PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

33. The plaintiff restates and realleges as though fully set forth herein paragraphs 1 through 32 of this complaint.

34. The conduct of the defendant set forth above violates sections of the Persons with Disabilities Civil Rights Act, including MCL 37.1502 and MCL 37.1506 a(1)(b).

35. As a result of the discrimination set forth above, the plaintiff has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendant declaring the defendant's unlawful conduct unlawful; enjoining further discriminatory and retaliatory conduct; awarding the plaintiff compensation for the damages and injuries he has suffered and will continue to suffer in the future; and awarding the plaintiff interest, costs, attorney's fees and any other relief this Court deems fair and just.

Dated: July 27, 2023

WILLIAM F. PIPER
Attorney for Plaintiff

By:   /s/ William F. Piper
William F. Piper (P38636)
BUSINESS ADDRESS
1611 W. Centre Ave., Ste. 209
Portage, MI  49024
(269) 321-5008